AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court __Eastern District of Virginia__ on the following

☑ Trademarks or  ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>1:21cv136 | DATE FILED<br>2/5/2021 | U.S. DISTRICT COURT<br>Eastern District of Virginia |
|---|---|---|
| PLAINTIFF<br>Punchbowl, Inc. | | DEFENDANT<br>AJ Press LLC |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  4,341,102 | 5/28/2013 | Punchbowl, Inc. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| Order dated 3/26/21 |

| CLERK<br>Fernando Galindo | (BY) DEPUTY CLERK<br>Kathy Lau | DATE<br>3/26/21 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| PUNCHBOWL, INC., ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> AJ PRESS LLC., ) <br> ) <br> *Defendant.* ) <br> ) | Case No. 1:21-cv-00136 <br> Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss for Improper Venue and Failure to State a Claim. Dkt. 12. The matter has been fully briefed, and the Court dispensed with oral argument.

For the reasons contained herein, Defendant's Motion is hereby **GRANTED**. The Court finds that venue is improper in the Eastern District of Virginia. The action is hereby **DISMISSED** for lack of venue.

### I. BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in Massachusetts. Dkt. 1 at ¶ 1. Plaintiff is an Internet-based business which, according to its website (found at the URL punchbowl.com), offers the "gold standard in online invitations [and] greeting cards." Defendant is a Delaware corporation with its principal place of business in California. *Id.* at ¶ 2. It is a "membership-based news community" providing daily newsletters and podcasts about political news. *What is Punchbowl News?*, Punchbowl News, https://punchbowl.news/meet-punchbowl-news?page_id=153 (last visited Mar. 24, 2021).

1

Plaintiff initiated the instant action to protect its exclusive use of its "PUNCHBOWL Mark," which it argues Defendant's use of the word "punchbowl" infringes upon. Dkt. 1 at ¶ 21. Defendant argues that its use of the word "punchbowl" is easily distinguishable from Plaintiff's use and therefore does not create any danger of confusion for the two companies' customers. Dkt. 13 at 4–7.

Plaintiff claimed in its Complaint that venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b) and (c)

> because Plaintiff conducts business and has customers within the Commonwealth of Virginia and this judicial district; Defendant conducts business within the Commonwealth of Virginia and this judicial district; Defendant has caused its news and communications services to be advertised, promoted, and sold to consumers in the Commonwealth of Virginia and this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with the Commonwealth of Virginia and this judicial district; and Defendant has caused tortious injury to Plaintiff in this judicial district.

Dkt. 1 at ¶ 8. Defendant brought the instant Motion challenging venue, as well as asserting a Rule 12(b)(6) defense that Plaintiff failed to state a claim on which relief could be granted. The Court reaches only the issue of venue.

## II. LEGAL STANDARD

28 U.S.C. § 1391(b) states that venue is proper in a civil action in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

A defendant corporation "resides" in any district where it is subject to personal jurisdiction.

2

28 U.S.C. 1391(c)(2). Thus, this Defendant "resides" in Delaware, where it is incorporated, and California, where it has its principal place of business. Dkt. 1 at ¶ 2. Without a doubt, venue would be proper in either of those places. To show that venue is proper in the Eastern District of Virginia, Plaintiff must make a *prima facie* showing either that Defendant has consented to personal jurisdiction within the district or that a substantial part of the events or omissions giving rise to its claim occurred within the district. *Power Paragon, Inc. v. Precision Tech. USA, Inc.*, 605 F. Supp. 2d 722 (E.D. Va. 2008).

When considering a motion to dismiss for improper venue, the Court is permitted to consider evidence outside the pleadings. *Smith v. Aylor*, No. 1:08CV1161 (JCC), 2009 WL 959801, *2 (E.D. Va. Apr. 7, 2009) (quoting *Sucampo Pharm. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549–59 (4th Cir.2006)). When considering a motion to dismiss, the Court must take all facts pleaded by the plaintiff as true, but the Court is not required to accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### III.    DISCUSSION

Plaintiff argues that Defendant has consented to this district's exercise of personal jurisdiction by failing to explicitly object to it. Dkt. 17 at 5–6. In making this argument, Plaintiff cites case law from the Southern District of Ohio, the Eastern District of New York, and the Southern District of West Virginia. In essence, Plaintiff's argument is that a defense of improper venue can never stand unless it stands beside a defense of lack of personal jurisdiction, because not explicitly including the latter waives it and concurrently waives the former.

Neither this Court nor the Fourth Circuit have ever adopted the rule that a defendant must claim lack of personal jurisdiction as a prerequisite for claiming improper venue. *See Safety Equip. Inst. v. Signature Lacrosse, LLC*, 438 F. Supp. 3d 685, 686–89 (E.D. Va. 2020) (wherein this Court

3

discussed the issue of venue fully and separate from its finding that a claim of personal jurisdiction had been waived). We decline to adopt that rule now. Proper venue is not established by virtue of Defendant's failure to articulate a defense of lack of personal jurisdiction.

Plaintiff then argues that venue is proper in this district because a substantial part of the acts or omissions giving rise to the action occurred here. Dkt. 17 at 7–10. The Court, again, disagrees.

Venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." *Power Paragon*, 605 F. Supp. 2d at 726. The plaintiff is only required to show that a substantial part of the entire sequence of events underlying the claim took place in the disputed venue, not that the disputed venue has the *most* substantial connection of any possible venue to the dispute. *Id.*

Neither party in the instant action is incorporated in Virginia or claims to conduct business in Virginia. Both parties operate websites that can be accessed by customers in Virginia; this is the extent of their connections to this venue. The Fourth Circuit has held that this is insufficient. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 715 (4th Cir. 2002) (holding that general publication of a website that can be accessed within the venue does not establish that venue is proper).

Plaintiff claims that it is irrelevant that Defendant has not specifically targeted Virginia consumers in its advertising efforts because Defendant "undoubtedly reach[es] consumers in Virginia" with its advertising. Dkt. 17 at 8–9. This statement is inconsistent with the Fourth Circuit's holding in *ALS Scan*, which specified that venue was improper because the defendant had not directed its online activity at any target in the forum state or manifested an intent to engage in business in the forum state. *Id.* The Defendant in the instant action has behaved in a similar way;

4

it has neither targeted residents of Virginia with its advertising nor manifested an intent to engage in business in Virginia in any manner that Plaintiff has identified. Any commercial success Defendant has experienced in Virginia is almost certainly attributable to large number of people in Virginia who commute to Washington D.C. and is therefore evidence of Defendant's connections to that jurisdiction. Regardless, that success is not the result of Defendant's conscious efforts to conduct business in Virginia. None of the alleged acts or omissions actually took place within the Eastern District of Virginia, so venue is not proper here.

Defendant requests dismissal or, in the alternative, transfer of venue. Dkt. 13 at 11–12. The decision between dismissal and transfer is left to the Court's discretion, with consideration given to the interest of justice. 28 U.S.C. § 1406(a). However, dismissal is the proper result where "a plaintiff's attorney reasonably should have foreseen that the forum in which he filed an action was improper." *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 985 F. Supp. 640, 645 (E.D. Va. 1997). Plaintiff's attorney filed this action in a district where no party could be said to be at home and where the Defendant's connections to the district were thin at best. This is clearly an attempt at forum-shopping in the hopes of having the matter adjudicated quickly. As such, the Court finds that dismissal is the appropriate result.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is hereby **GRANTED**. Plaintiff Punchbowl, Inc.'s action against Defendant AJ Press LLC is hereby **DISMISSED** due to improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

It is **SO ORDERED**.

March 26, 2021  
Alexandria, Virginia

Liam O'Grady  
United States District Judge